

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2004

# Andy v. UPS Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4502

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Andy v. UPS Inc" (2004). *2004 Decisions.* Paper 156.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/156

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4502

ADAM ANDY,

Appellant

v.

UNITED PARCEL SERVICE, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-08231)
Honorable Michael M. Baylson, District Judge

Submitted under Third Circuit LAR 34.1(a)
October 29, 2004

BEFORE:  SCIRICA, Chief Judge, and FISHER and GREENBERG, Circuit Judges

(Filed: November 1, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

The district court set forth the background of this matter at length in its

memorandum opinion granting appellee United Parcel Service, Inc. ("UPS") summary

judgment in this action entered on October 29, 2003.  Adam Andy brought this action

alleging age discrimination in his termination in violation of the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act. In its opinion the district court held that Andy, who was 52 years old when he was terminated and was replaced by a person seven years younger, had made out a prima facie case of age discrimination. See Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir. 1995). The court further held, however, that UPS had proffered a legitimate non-discriminatory motive for the termination and that Andy failed to carry his burden of showing that UPS's proffered legitimate reason was fabricated and that its action more likely than not was motivated by discriminatory animus.

The district court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review on this appeal. See Kelly v. Drexel Univ., 94 F.3d 102, 104 (3d Cir. 1996).

We have very little to add to what the district court said but we emphasize that evidence that an employee did not engage in misconduct, though in some circumstances sufficient to cast doubt on the employer's claim to have terminated the employee by reason of that conduct, in the circumstances here casts no doubt on the perception of the decision maker, which is "what matters." Billet v. Cigna Corp., 940 F.2d 812, 825 (3d Cir. 1991).

The order for summary judgment entered October 29, 2003, will be affirmed.

———